In the case before us the plaintiffs, by amending the judgment after the sale, have accomplished the very thing which the court, in the case just cited, refused to permit by an action on the bond. It would be unjust and inequitable, under the facts here presented, to permit the plaintiffs to enter a judgment for deficiency against the appellant. I think the court at Special Term improperly exercised its discretion in permitting such amendment.

The order and judgment appealed from, therefore, are reversed, with costs, and the motion to amend denied, with $10 costs and disbursements. All concur.

(169 App. Div. 580)

KOHN v. P. & D. PUB. CO.   (No. 7789.)

(Supreme Court, Appellate Division, First Department.   November 5, 1915.)

1. LIBEL AND SLANDER ⚖110—ADMISSIBILITY OF EVIDENCE—TRUTH OF PUBLICATION.

In an action for libel, defendant had a right to prove plaintiff's admissions as to the truth of the alleged libelous articles, or any part of them.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 307–314; Dec. Dig. ⚖110.]

2. LIBEL AND SLANDER ⚖104—ADMISSIBILITY OF EVIDENCE—MITIGATION.

In an action for libel, where defendant pleaded in mitigation of damages that the articles were based on information received from trustworthy sources, upon which it relied, it had a right to prove the source from which its representative or editor derived the information upon which the articles were based, and which it believed to be true, and on which reliance was made in the publications.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 284–291; Dec. Dig. ⚖104.]

3. APPEAL AND ERROR ⚖1031—HARMLESS ERROR.

Errors which may have deprived defendant of a substantial right cannot be overlooked on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038·4046; Dec. Dig. ⚖1031.]

Appeal from Trial Term, New York County.

Action by Ike Kohn against the P. & D. Publishing Company. From a judgment entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Henry C. Burnstine, of New York City, for appellant.
Herman Hoffman, of New York City, for respondent.

McLAUGHLIN, J.   Action to recover damages for a libel. The complaint contains two causes of action. The substance of the first is that the plaintiff, as an egg buyer for F. W. Smith, a wholesale dealer, demanded graft from those from whom he purchased eggs, for which reason Smith discharged him. The second is that plaintiff made a dishonest failure in the business in which he engaged after he left Smith;

that several people were desirous of prosecuting him, and shortly before the commencement of the action he had occasion to go from Chicago to New York to attend the funeral of a relative, but, on being informed that a warrant was out for his arrest, went no further than Jersey City.

The answer, in addition to certain denials, alleged the truth of the articles, and as a partial defense, and in mitigation of damages, that the articles were based on information received from trustworthy sources, upon which defendant relied, as it reasonably had the right to do. The plaintiff had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

[1-3] During the course of the trial the defendant, by numerous questions put to the witnesses Trachtenberg, Scheuer, and Preston, its editor, sought to prove, not only justification, but facts in mitigation. The objections to these questions were sustained, and exceptions taken. There are so many erroneous rulings in this respect it would serve no useful purpose to specifically point them out. It is sufficient to say that the defendant had the right to prove, if it could do so, admissions made by the plaintiff as to the truth of the articles, or any part of them, as well as the source from which its representative or editor derived the information upon which the articles were based, and which it believed to be true, and on which reliance was made in the publications. The verdict is a small one, but the errors are of such a character that they cannot be overlooked, since they may have deprived the defendant of a substantial right.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.